UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXEY SOKOLOV,

                   Petitioner,

-against-

ALEJANDRO MAYORKAS,

                   Respondent.

22-CV-4554 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated at Fishkill Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. He challenges his detention and seeks "cancellation of removal." For the purposes of this order, the Court grants Petitioner's request to proceed *in forma pauperis* ("IFP").[1]

As set forth below, the Court construes the petition as challenging Petitioner's future immigration custody and denies this challenge because Petitioner has not been released from state custody. The Court also construes Petitioner's request for cancellation of removal as one seeking review of his removal order and denies the request because this Court lacks jurisdiction to review a final order of removal. Finally, the Court finds that the proper vehicle to challenge the removal order is a petition of review but declines to transfer the petition to the United States Court of Appeals for the Second Circuit because such a petition would be untimely.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody who challenges the legality of his detention on the ground that "[h]e is in custody in violation of

---

[1] Petitioner filed an IFP application seeking waiver of the $5.00 filing fee, but he did not sign the form. Because the Court denies the petition, the Court concludes that there is no useful purpose in directing Plaintiff to sign his IFP application before denying the petition.

the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243.

The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

The following facts are drawn from the petition. Petitioner Alexey Sokolov, who is a citizen of "Soviet Union Ukraine," was ordered removed from the United States on August 17, 2015, following his New York State conviction for third-degree criminal sale of a controlled substance. (ECF 1, at 2.) Petitioner pleaded guilty to the charge on March 27, 2017, and the state court sentenced him to six years' incarceration and a term of post-release supervision. (*Id.*) Petitioner does not state any facts suggesting that he appealed his removal order to the Board of Immigration Appeals ("BIA").

On November 15, 2021, the New York State Department of Corrections and Community Supervision ("DOCCS") "granted conditional parole for deportation . . . effective March 27, 2022." (*Id.*) (emphasis and capitalization omitted). Petitioner attaches to his petition the November 15, 2021, DOCCS "Parole Board Release Decision Notice," that states: "Discretionary release at this time is not appropriate. However, conditional parole for deportation

2

only is granted effective 3/27/2022." (*Id.* at 9.) The letter indicates that Petitioner committed a drug offense while in custody, resulting in the imposition of an additional term of incarceration, (*id.* at 10); current records maintained by DOCCS indicate that Petitioner remains in state custody, serving a six-to-twenty-year term of incarceration, with the earliest release date of March 27, 2022, for deportation only.[2] Petitioner currently is in state custody.

Petitioner alleges that his removal order "is based on criminal convictions" and his "detention was mandated for ninety days following his release from custody." (*Id.* at 3, 4.) He asserts that "the administrative law judge failed to consider all relevant evidence in determining that the government was unwilling and unable to protect the Petitioner[,] warrant[ing] de novo review[.]" (*Id.* at 6.) He also argues that because he is a Ukrainian national, he is "country less[,] authoriz[ing] cancellation of removal." (*Id.*)

Petitioner seeks "to be discharged from his unconstitutional immigration confinement . . . [and the] cancellation of removal and/or de novo review of removal proceedings." (*Id.* at 7.)

## DISCUSSION

**A.    The Court denies Petitioner's challenge to his immigration custody[3]**

    **1.    Conditional Parole for Deportation Only ("CPDO")**

Under New York State law, the New York State Board of Parole "may grant parole from an indeterminate sentence or release for deportation from a determinate sentence to such

---

[2] *See* DOCCS, Inmate Lookup, Alexey Sokolov, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000.

[3] The Court does not address whether Petitioner is considered for *habeas corpus* purposes to be in immigration custody, following the final order of removal, notwithstanding his being physically in state custody. The Court of Appeals for the Second Circuit has held that a state prisoner, subject to a final order of removal, is in immigration custody, and may challenge that custody in a Section 2241 petition. *See Simmonds v. INS*, 326 F.3d 351, 354 (2d Cir. 2003) (finding that a "final order of removal is sufficient, by itself, to establish the requisite custody"). As explained below, however, more recent federal immigration law bars noncitizens from

3

incarcerated individual conditioned specifically on his or her prompt deportation." N.Y. Exec. Law § 259-i(2)(d)(i). Such a conditional grant may be provided:

> only where [the Parole Board] has received from the United States Bureau of Immigration and Customs Enforcement assurance (A) that an order of deportation will be executed or that proceedings will promptly be commenced for the purpose of deportation upon release of the incarcerated individual from the custody of the department of correctional services, and (B) that the incarcerated individual, if granted parole or release for deportation pursuant to this paragraph, will not be released from the custody of the United States Bureau of Immigration and Customs Enforcement, unless such release be as a result of deportation without providing the board a reasonable opportunity to arrange for execution of its warrant for the retaking of such person.

*Id.* If the Bureau of Immigration and Customs Enforcement does not take into custody a noncitizen facing granted CPDO, the noncitizen "remains in the physical custody of [DOCCS], serving his prison sentence." *Duamutef v. I.N.S.*, 386 F.3d 172, 175 (2d Cir. 2004).

### 2. Release from state custody

Under federal immigration law, when the United States Attorney General does take a noncitizen into custody, the Attorney General "shall remove . . . [the noncitizen] from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). If the noncitizen is in state custody, the 90-day period does not commence until "the date [he] is released from [state] detention or confinement." *Id.* § 1231(a)(i)(B)(iii). If a state prisoner is granted CPDO status but not transferred into immigration custody, he is not considered released from state custody within the meaning of Section 1231. *See Duamutef*, 386 F.3d at 180. Thus, the CPDO does not itself trigger Section 1231's 90-day removal period.

Moreover, "under § 1231(a)(4)(A), 'the Attorney General may not remove [a noncitizen] who is sentenced to imprisonment until the [noncitizen] is released from imprisonment.'"

---

challenging a final order of removal in district court. Thus, whether Petitioner is technically in immigration custody is irrelevant to the Court's ruling and need not be decided by the Court.

*Duamutef*, 386 F.3d at 179. Thus, until a noncitizen "is released by the state, and the 90-day removal period specified in § 1231(a)(1)(A) is triggered, the pace at which the Attorney General proceeds to take [the noncitizen] into custody and execute the removal order is within his discretion and thus beyond mandamus or habeas review."[4] *Duamutef*, 386 F.3d at 180.

### 3. Petitioner's challenge to his immigration custody

Here, Petitioner fails to show that his immigration custody is unconstitutional because Section 1231's 90-day removal period has not been triggered by his release from state custody. Both the petition and public records of DOCCS make clear that Petitioner remains at Fishkill Correctional Facility serving the sentence for his state court conviction, and that he has not yet been released from DOCCS custody for deportation or removal, notwithstanding the issuance of the CPDO. "The law is clear that while [Petitioner] is still serving his state sentence, the Attorney General is under no obligation to execute a [removal] order." *Duamutef*, 386 F.3d at 179. The Court therefore denies Petitioner's challenge to his immigration custody.

### B. The Court denies Petitioner's challenge to his order of removal

The REAL ID Act of 2005 stripped federal district courts of jurisdiction to review orders of removal or requests for a stay of removal. *See* 8 U.S.C. § 1252(a)(5). Under the Act, "a

---

[4] After the conclusion of the initial 90-day removal period, the United States government "may" detain certain categories of individuals subject to removal. 8 U.S.C. § 1231(a)(6). The statute does not, however, require the government "to offer detained noncitizens bond hearings after six months of detention . . . [where it would need to] prov[e] by clear and convincing evidence that [the] noncitizen poses a flight risk or a danger to the community." *Johnson v. Arteaga-Martinez*, __ U.S. __, 2022 WL 2111342, at *2 (U.S. June 13, 2022). In *Arteaga-Martinez*, the Supreme Court did not decide whether a noncitizen detained for more than six months may be entitled to a bond hearing based on constitutional due process concerns. *Arteaga-Martinez*, 2022 WL 2111342, at *6 ("Separately from his statutory claims, Arteaga-Martinez contends that reading § 1231(a)(6) not to require bond hearings when detention becomes prolonged 'raises serious due process concerns.'") (citation omitted). The Court need not address the constitutional issue because the initial 90-day removal period has not commenced.

petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this [Act]."[5] 8 U.S.C. § 1252(a)(5). Accordingly, Petitioner's challenge to the order of removal may be presented only in a petition for review of a final order of removal in the appropriate court of appeals. *See Shabaj v. Holder,* 718 F.3d 48 (2d Cir. 2013) (per curiam) ("[W]hile *this court* would have jurisdiction to review any constitutional claims or questions of law raised by [petitioner] in a petition for review of CIS's hardship determination, the *district court* did not." (emphasis in original)). Lacking jurisdiction to review Petitioner's final order of removal, the Court denies this request.

**C.    The Court declines to transfer the petition to the Court of Appeals for the Second Circuit**

The Court, having determined that it lacks jurisdiction to consider Petitioner's challenge to the removal order, must next determine whether the petition should be transferred to the Court of Appeals for the Second Circuit. Transfer to the Court of Appeals is not permitted if the petition for review would be untimely. *See De Ping Wang v. Dep't of Homeland Sec.,* 484 F.3d 615, 617-18 (2d Cir. 2007) (holding that it was an error for district court to transfer a time-barred challenge to a removal order; *habeas* petition should have been dismissed for want of jurisdiction). A petition for review of an order of removal "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). An order becomes final upon a determination by the BIA affirming such order, or upon expiration of the time to seek BIA review. 8 U.S.C. § 1101(a)(47)(B). The time requirement for a petition for review under Section 1252 is jurisdictional and thus not subject to equitable tolling. *Ruiz-Martinez v. Mukasey*,

---

[5] A petition for review "shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2).

516 F.3d 102, 118 (2d Cir. 2008) (citing *Bowles v. Russell*, 551 U.S. 205 (2007)); *see also Moustapha v. Mukasey*, 269 F. App'x 94, 95 (2d Cir. 2008) (dismissing petition challenging final removal order because petition was filed four days after expiration of the 30-day deadline).

Here, Petitioner was ordered removed on August 17, 2015; he does not state any facts suggesting that he appealed the Immigration Judge's decision to the BIA. The removal order therefore likely became final when the time to appeal to the BIA expired. Petitioner had 30 days after the removal order became final to file a petition for review. This petition was filed nearly 7 years after the order of removal was issued. The Court therefore declines to transfer this petition to the Court of Appeals for the Second Circuit because such a petition would be untimely.[6]

## CONCLUSION

The petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, is denied insofar as Petitioner challenges his detention. The Court lacks jurisdiction to consider any challenge to Petitioner's 2015 order of removal and declines to transfer this matter to the Court of Appeals for the Second Circuit as a petition for review because it is untimely.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

[6] Should Petitioner seek to reopen his removal proceedings and request asylum, based on changed country conditions, he must do so by asking an immigration judge to consider previously unavailable evidence. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: July 18, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge