UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXEY SOKOLOV,

               Petitioner,

       -against-

ALEJANDRO MAYOFRKAS,

               Respondent.

22-CV-4554 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who currently is in state custody at Fishkill Correctional Facility, filed this action *pro se*. On July 18, 2022, the Court dismissed the petition, brought under 28 U.S.C. § 2241, because Petitioner challenged his future immigration custody, which had not yet been triggered under federal immigration law. On August 8, 2022, Petitioner filed a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, challenging the July 18, 2022, dismissal order. After reviewing the arguments in Petitioner's submission, the Court denies the motion.

## BACKGROUND

The Court assumes familiarity with the facts alleged in the petition and describes the following facts for the purposes of this order. On August 17, 2015, Petitioner was ordered removed from the United States based on a New York State conviction. On November 15, 2021, the New York State Department of Corrections and Community Supervision ("DOCCS") "granted conditional parole for deportation . . . effective March 27, 2022." (ECF 1, at 2) (emphasis and capitalization omitted). Current records maintained by DOCCS indicate that

Petitioner remains in state custody, serving a six-to-twenty-year term of incarceration, with the earliest release date of March 27, 2022, for deportation only.[1]

In his petition, Petitioner asserted that under federal immigration law, *see* 8 U.S.C. § 1231(a)(1)(A), a 90-day deadline to remove him from the United States had passed, and therefore, his current custody was illegal. The Court held that because Petitioner was not in immigration custody, the 90-day deadline had not been triggered. (ECF 6, at 5) ("Here, Petitioner fails to show that his immigration custody is unconstitutional because Section 1231's 90-day removal period has not been triggered by his release from state custody."). The Court denied Petitioner's challenge to his future immigration custody.

## DISCUSSION

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

---

[1] *See* DOCCS, Inmate Lookup, Alexey Sokolov, https://nysdoccslookup.doccs.ny.gov/.

Petitioner has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. In support of his claim that the Court overlooked a controlling decision, Petitioner relies on *People ex rel. Welikson v. Cronin*, 202 A.D.3d 1437, 1438, (2022), a New York State Appellate Division decision, in which the Fourth Department held that the trial court did not abuse its discretion when it dismissed a state *habeas corpus* application as moot, following the petitioner's release from state custody to immigration custody. *Id.* The petitioner in *Welikson* challenged his state custody, arguing that state officials had held him beyond his release date pursuant to an immigration detainer. The circumstances in *Welikson* are not at issue here; Petitioner is still in state custody serving his criminal sentence, whereas the petitioner in *Welikson*, having argued that his state custody was illegal, was taken into immigration detention, mooting his challenge to his state custody.

As the Court did not overlook any controlling decisions, the Court denies Petitioner's motion brought under Fed. R. Civ. P. 59(e).

## CONCLUSION

Petitioner's motion for reconsideration (ECF 8) and application for the appointment of counsel (ECF 9) are both denied. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 24, 2022
         New York, New York

                                                /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge

4